# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX SANDOVAL,<br><br>          Petitioner,<br><br>    v.<br><br>B.M. CASH, Warden,<br><br>          Respondent. | Case No. CV 11-5733-SVW (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On July 13, 2011, Alex Sandoval ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition contains two claims: (1) a $10,000 restitution fine was imposed improperly by the trial court; and (2) trial counsel was ineffective for allowing the trial court to impose the restitution fine. (See Petition at 5.)

**DISCUSSION**

**I.  Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief,

the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.

## II.     The Petition Fails to State a Cognizable Claim

Here, Petitioner challenges only the trial court's imposition of a $10,000 restitution fine and trial court's failure to object to the fine.  (See Petition at 5.)  These claims are not cognizable on federal habeas review.  A federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Ninth Circuit has held that "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."  Bailey v. Hill, 599 F.3d 976, 981-82 (9th Cir. 2010); see also United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (claim challenging a restitution fine is not cognizable basis for habeas relief because such claims do not challenge the validity or duration of confinement); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (same); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (imposition of fine is "merely a collateral consequence of conviction" and, as such, is not sufficient to establish federal habeas jurisdiction).

Thus, Petitioner's challenges to the validity of the restitution order and his counsel's failure to object to it are not cognizable on federal habeas review because they are not claims that he is in custody in violation of federal law.  Because amendment would be futile, the Petition should be dismissed with prejudice.

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that the Petition be DISMISSED with prejudice.

DATED:  June 7, 2012

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE